CATHARINE THOMAS, Adm'x of NEWTON BRADLEE vs. THE VISITORS OF FREDERICK COUNTY SCHOOL.—December, 1837.

As a general rule, an executor, or administrator will be made to pay interest to the distributees on a balance admitted to be in his hands, and payable to them, in a legal course of administration. And where an administratrix had retained in her hands a sum of money, due to the party entitled as distributee, without applying to the court pending a controversy in relation to the title thereto, for permission to deposite, or dispose of it, so as to prevent the accumulation of interest, she was held liable to pay interest.

The decision of the Orphans' court, when not appealed from, is conclusive, as to the per centum to be allowed an executor, or administrator for commissions.

No allowance for commissions should be made upon the interest, chargeable to an executor, or administrator, for delaying the payment of the principal sum.

It is the uniform practice at law, where some of the issues are found for the plaintiff, and others for the defendants, to allow costs to the party, in whose favour the final judgment is given, and such is the general rule in chancery.

APPEAL from the equity side of *Frederick* county court.

The bill in this cause was filed by the appellees on the 12th September, 1828, and charged that, *Newton Bradlee* died intestate in *Frederick* county, without leaving any known relations or representatives, within the fifth degree of consanguinity, or affinity ; that letters of administration were granted on his estate to the appellant; that she had assets which the appellees claimed under certain acts of assembly, as the public school of this county. Letters of administration were granted to the appellant in February, 1826. Her first account was passed on the 23d October, 1826, in which she charged herself among other matters, with $1,168, interest received on United States stock, and it appeared she then owed a balance of $743 58, to the estate of *Bradlee*. Her second account showing a balance due from her of $4,273 70, was passed on the 7th February, 1832. In this she was charged the balance of the first account $3,450, principal of United States stock, and with

dividends on said stock, to the 1st July, 1828, $126, and to the 1st January, 1829, $303 75, when the dividends on said stock ceased, the government having notified its intention to pay off the debt. The same account credited her with commissions, $329 90, being six per centum on $5,498 46. The stock of the government, was not in fact collected by the appellant, until the 7th April, 1834.

The right of the appellees to the balance in the hands of the appellant, having been established by a previous decision of the court, 7 *Gill and John.* 369, the auditor of *Frederick* county court, stated an account in which he deducted from the balance of the second account passed by the Orphans' court, to wit: the sum of $4,273 70, the principal of the United States stock, $3,450, creating a balance due on the 7th February, 1832, of $823 70, on which he charged the appellant with interest from that period to the making of the report, and also charged her with interest on the principal sum of the public stock from the period of her actual receipt of it to the time above mentioned; and charged her with the costs of the proceeding, making the whole balance due, $4,997 75.

The costs charged in this audit were, 1st. The complainant's costs in the county courts before the first appeal, $10 34. 2d. The costs in the court of Appeals, $53 85. 3d. The clerk of *Frederick* county court fee, $15 68. 4th. Auditor's fees, $9.

The defendant excepted to the account and report of the auditor on the following grounds:

1. Because the defendant is no where allowed such commissions, as she is by law entitled to, neither by the Orphans' court, nor by the auditor.

2. Because no interest should have been charged against her in said account, except the interest on $3,450, from 7th April, 1834, because there is no proof in the record that any other interest was received by her and not accounted for, whereas she is charged with $209 68, as interest, of which there is no proof in the record or account.

3. Because she is erroneously charged in said account with a balance of $823 70, due 7th February, 1832, of which there is no proof. On the settlement of the first account, of 23d October, 1826, she is charged with a balance of $743 58, the plaintiffs in this bill claim the principal sum, but at no time *demanded* interest thereon, and the decree of 15th March, 1834, passing it by, does not hold respondent accountable for interest on $743 58, cash in hand, but merely for such amount of interest as was actually received on the stock therein named, which interest commenced 7th April, 1834, and not before, yet has the auditor in said audit, by pursuing the instructions of the plaintiff's solicitor, and against the admission of the complainants in their bill, without authority, and of the decree aforesaid, charged interest or moneys which the plaintiffs are by their own showing and the decree aforesaid estopped to demand. This exceptant here impeaches the legality of the first and final account of the Orphans' court, marked exhibit A, and avers they are fundamentally wrong as respects the commissions there allowed.

4. Because if the said audit be correct in law and fact, respondent should have been allowed a commission of ten per cent. on the amount reported to be due, to wit : $4,906 68, (exclusive of costs,) whereas by reference to the final account settled 7th February, 1832, it appears she was allowed six per centum on the sum received, amounting to $329 90, the interest growing due according to this audit, from 7th February, 1832, is $635 18, on which sum no commissions whatever is allowed, and a trustee is as much entitled to commissions on interest as on principal actually collected.

5. Because the items of $10 34, $15 68, $9, audited in said account, are not chargeable to defendant, for the court of Appeals merely affirmed the interlocutory decree of this court, as it really was, which did not award any costs to the plaintiffs, and therefore, the court of Appeals could not decree the costs of the county court, until this court did so first decree.

6. That said account and report are erroneous in fact and law.

The county court, (*Buchanan C. J.*) on the 20th May, 1836, decreed that the report of the auditor, except as to the costs referred to in the fifth exception, be confirmed, and that the defendant pay to the complainants, or bring into this court for that purpose, on or before the 15th June, 1836, the sum due by the auditor's report of $4,962 73, being the whole amount due to the complainants under the proceedings in this cause, except the clerks and other costs including the auditor's; and that the defendant pay to the complainants their costs in this court as also the auditor's fees.

From the decree the said *Catharine Thomas* appealed.

The appeal was argued before ARCHER, DORSEY, and CHAMBERS, Judges,

By BALCH, for the appellant, and

By W. Ross, for the appellee.

CHAMBERS, Judge, delivered the opinion of the court.

The appeal is taken from the opinion of the court, overruling the exceptions filed by the appellant in the court below to the auditor's report, and the duty of this court is therefore limited to the consideration and decision of the questions raised by those exceptions. The various other points argued by the counsel for the appellants will not be discussed by the court.

The first exception is abandoned. The fact that commissions were allowed by the Orphans' court is manifest on the face of the account, and of course the contrary could not be urged.

The second exception denies the obligation of the appellant to pay interest on the balance of the estate, except only, to the extent she has received interest.

The letters of administration were granted in February, 1826. The first account was passed in October, 1826, and left a balance in the hands of the administratrix of $743 58,

consisting of cash received, except the small amount of specific articles, $27 71. The second account was passed by the administratrix, on the 7th February, 1832, and charges her with the balance of the first account, the principal of the United States stock, and the dividends received by her on that stock since the first account, and the balance of this second account, after deducting the disbursements, claimed commissions at six per cent. and the principal sum of the United States stock, is stated by the auditor to be $823 70. The principal of the stock the auditor has deducted from this account, because the certificate of the register of the treasury, which was admitted in evidence, stated, that the principal was in fact paid on the 7th April, 1834. The same certificate shows that the dividends charged in the second administration account, were paid to the administratrix as early as May, 1829.

The appellant then standing in the attitude of an administratrix sued by a distributee, with assets subject to distribution, all received as early as May, 1829, except the amount of the United States stock, is charged with interest on the amount thus received, not from 1829, but from 7th February, 1832; when the last account was passed, and on the United States stock, not from the time when it might have been received by applying for it, not from the passing of the account in 1832, when it was charged as an item to be accounted for, as in the hands of the administratrix, but from the day it is admitted to have been received in point of fact, to wit: 7th April, 1834.

It is difficult to conceive any just principle, upon which a defendant can be excused from the payment of interest, upon the sum claimed by a distributee, as an admitted balance of personal estate in the hands of such defendant, and due to the plaintiff, in a legal course of distribution, as a general rule. In this case the sole question in contest has been, whether the appellee, the complainant below, was the party entitled as distributee. That there was a sum in the hands of the appellant, as administratrix, due to the person or persons

rightfully claiming as distributee, is not, nor can it be denied, and it is equally certain, that she made no effort by any application to the Orphans' court, or to the county court of *Frederick*, as a court of Chancery, pending this controversy, to deposite or dispose of the amount, so as to prevent the further accumulation of interest upon it.

We think then, that the appellant was bound, as in ordinary cases, to pay interest on the amount subject to distribution, and we also think, the rules of interest adopted by the auditor, are as lenient, as she had any claim to expect or require.

The objections contained in the *third* exception, will be answered by what has been said in regard to the second.

The *fourth* exception erroneously assumes, that the decision of the Orphans' court unappealed from, is not conclusive as to the per centum allowed to an executor or administrator for commissions. The decisions of the court have settled that question. The claim which is urged to commissions on the interest accruing to the distributee, on the surplus remaining after deducting commissions is utterly indefensible, and would be in effect to reduce the interest to less than six per cent. and put the difference into the pocket of the appellant, as a premium for delay in paying over the surplus.

The fifth exception was ruled good by the court below, and the only question raised here in regard to it, is in respect to the costs consequent upon the particular proceedings to which the items embraced by it have given rise. The appellant contends that the costs thus incurred ought to be allowed.

So far as we can learn, there has been a uniform practice as well in such a case as this, as in the analogous case of issues at law, part of which have been found for plaintiff, and others for defendant. In all such cases the practice has been, to allow full costs to the party in whose favour the final judgment in the case has been given. We should hesitate to disturb this long settled practice, even if the costs were considerable, and the means of ascertaining them per-

fectly practicable, but as neither of these facts exist in the present case, we will only express our approbation of the general rule.

The *sixth* and last exception is not so much a specific objection, as a general conclusion of law and fact adverse to the claim of the appellee, and as the view taken by this court accords with that taken by the county court, and which leads to the contrary conclusion, we concur with the opinion expressed by that court, in over-ruling this exception also, and affirm the decree.

. DECREE AFFIRMED.